**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

TSERA, LLC,

                Plaintiff,

          v.

1.  APPLE, INC.;
2.  AUDITEK CORP.;
3.  BANG & OLUFSEN AMERICA, INC.;
4.  BANG & OLUFSEN A/S;
5.  CENTON ELECTRONICS, INC.;
6.  COBY ELECTRONICS CORP.;
7.  COWON AMERICA, INC.;
8.  COWON SYSTEMS, INC.;
9.  CREATIVE TECHNOLOGY LTD.
10. CREATIVE LABS, INC.
11. DANE ELEC CORP. USA;
12. DATA STATION, INC.;
13. EMATIC INC.;
14. ICETECH USA LLC;
15. IMA-HONG KONG, LTD.;
16. IMPECCA USA, INC.;
17. IRIVER, INC.;
18. IRIVER LTD.;
19. KONINKLIJKE PHILIPS ELECTRONICS N.V.;
20. LASONIC ELECTRONICS CORP.;
21. LG ELECTRONICS U.S.A., INC.;
22. LG ELECTRONICS, INC.;
23. LG ELECTRONICS MOBILECOMM U.S.A., INC.;
24. MACH SPEED TECHNOLOGIES, INC.;
25. MEIZU TECHNOLOGY CO., LTD.;
26. MICROSOFT CORP.;
27. PHILIPS ELECTRONICS NORTH AMERICA CORP.;
28. SAMSUNG ELECTRONICS AMERICA, INC.;
29. SAMSUNG ELECTRONICS CO., LTD.;
30. SPECTRA MERCHANDISING INT'L INC; and,
31. TREKSTOR GMBH & CO KG.

                Defendants.

Civil Action No. 6:09-cv-312

JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Tsera, LLC ("Tsera") for its First Amended Complaint against the above-named Defendants alleges:

## NATURE OF THE ACTION

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, 271 *et seq*.

## PARTIES

2.     Tsera is a limited liability company organized and existing under the laws of the State of Texas.

3.     Upon information and belief, Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

4.     Upon information and belief, Auditek Corp. ("Auditek") is a California corporation with its principal place of business at 15333 Don Julian Road, City of Industry, California 91745.

5.     Upon information and belief, Bang & Olufsen America, Inc. is a Delaware corporation with its principal place of business at 780 West Dundee Road, Arlington Heights, Illinois 60004.  Upon information and belief, Bang & Olufsen a/s is a foreign corporation organized and existing under the laws of Denmark, with its principal place of business at Peter Bangs Vej 15, DK-7600 Struer, Denmark.  Bang & Olufsen America, Inc. and Bang & Olufsen a/s are referred to collectively herein as "Bang & Olufsen."

6.     Upon information and belief, Centon Electronics, Inc. ("Centon") is a California corporation with its principal place of business at 15 Argonaut, Aliso Viejo, California 92656.

7.     Upon information and belief, Creative Labs, Inc. is a California corporation with its principal place of business at 1901 McCarthy Boulevard, Milpitas, California 95035.  Upon information and belief, Creative Technology Ltd. is a foreign corporation organized and existing

under the laws of Singapore, with its principal place of business at 31 International Business Park, Creative Resource, Singapore 609921.  Creative Labs, Inc. and Creative Technology Ltd. are referred to collectively herein as "Creative."

8.      Upon information and belief, Coby Electronics Corporation ("Coby") is a New York corporation with its principal place of business at 1991 Marcus Avenue, Lake Success, New York 11042.

9.      Upon information and belief, Cowon America, Inc. is California corporation with its principal place of business at 9272 Jeronimo Road, Suite 123, Irvine, California 92618.  Upon information and belief, Cowon Systems, Inc. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business at Cowon Tower, 689-3, Yeoksam-Dong, Gangnam-Gu, Seoul, 135-080, Korea.  Cowon America, Inc. and Cowon Systems, Inc. are referred to collectively herein as "Cowon."

10.     Upon information and belief, Dane Elec Corp. USA ("Dane") is a Delaware corporation with its principal place of business at 15770 Laguna Canyon Road,  Suite 100, Irvine, California 92618.

11.     Upon information and belief, Data Station, Inc. ("Data Station") is a New York corporation with its principal place of business at 469 Atlantic Avenue, East Rockaway, New York 11518.

12.     Upon information and belief, Ematic Inc. ("Ematic") is a Delaware corporation with its principal place of business at 481 Carlisle Drive, Herndon, Virginia 20170.

13.     Upon information and belief, iceTECH USA LLC ("iceTECH") is a Florida limited liability company with its principal place of business at 405 S. Dale Mabry HWY, #243, Tampa, Florida 33609.

3

14.     Upon information and belief, IMA-Hong Kong Ltd. ("IMA") is a foreign corporation organized and existing under the laws of Hong Kong, with its principal place of business at Room 1014, 10/F, Tsim Sha Tsui Center (East Wing), 66 Mody Road, TST East, Kowloon, Hong Kong.

15.     Upon information and belief, Impecca USA, Inc. ("Impecca") is a Pennsylvania corporation with its principal place of business at 8 West Market Street, Suite 930, Wilkes Barre, Pennsylvania 18711.

16.     Upon information and belief, iRiver, Inc. is a California corporation with its principal place of business at 15235 Alton Parkway, Suite 100, Irvine, California 92618.  Upon information and belief, iRiver Ltd. is a foreign corporation organized and existing under the laws of Korea with its principal place of business at iriver House, 902-5, Bangbae-Dong, Seocho-Gu, Seoul 137-842, South Korea.  iRiver, Inc. and iRiver Ltd. are referred to collectively herein as "iRiver."

17.     Upon information and belief, Koninklijke Philips Electronics N.V. is a foreign corporation organized and existing under the laws of the Netherlands with its principal place of business at Amstelplein 2, Breitner Center, P.O. Box 77900, Amsterdam, 1070 MX, Netherlands.  Upon information and belief, Philips Electronics North America Corporation is a Delaware corporation with its principal place of business at 3000 Minuteman Road, M/S 109, Andover, Massachusetts 01810.  Koninklijke Philips Electronics N.V. and Philips Electronics North America Corporation are referred to collectively herein as "Philips."

18.     Upon information and belief, Lasonic Electronics Corporation ("Lasonic") is a California corporation with its principal place of business at 15759 Tapia Street, Irwindale, California 91706.

19.     Upon information and belief, LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Upon information and belief, LG Electronics, Inc. is a foreign corporation organized and existing under the laws of Korea with its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.  Upon information and belief, LG Electronics Mobilecomm U.S.A., Inc. is a California corporation with its principal place of business at 10101 Old Grove Road, San Diego, California 92131.   LG Electronics U.S.A., Inc., LG Electronics, Inc. and LG Electronics Mobilecomm U.S.A., Inc. are referred to collectively herein as "LG."

20.     Upon information and belief, Mach Speed Technologies, Inc. is a Nevada corporation with its principal place of business at 110 East 10th Street, Ada, Oklahoma 74820.

21.     Upon information and belief, Meizu Technology Co., Ltd. ("Meizu") is a foreign corporation organized and existing under the laws of China, with its principal place of business at Meizu Tech. Bldg., Technology & Innovation Coast, Tangjia Bay, Zhuhai, Guangdong, China.

22.     Upon information and belief, Microsoft Corporation ("Microsoft") is a Washington corporation with its principal place of business at One Microsoft Way, Redmond, Washington 98052.

23.     Upon information and belief, Samsung Electronics America, Inc. is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of Korea with its principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, South Korea.  Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. are referred to collectively herein as "Samsung."

24.     Upon information and belief, Spectra Merchandising International Inc. ("Spectra") is an Illinois corporation with its principal place of business at 4230 North Normandy Avenue, Chicago Industry Tech Park, Chicago, Illinois 60634.

25.     Upon information and belief, TrekStor GmbH & Co. KG ("TrekStor") is a foreign corporation organized and existing under the laws of Germany, with its principal place of business at Kastaneinalle 8-10, D-65653, Lorsch, Germany.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338(a), in that this action arises under the Patent Laws of the United States, 35 U.S.C. §§101, 271 *et seq*.

27.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendants have committed acts in this District giving rise to this action, have and continue to conduct business in this District, have committed acts of infringement in this District, and continue to commit acts of infringement in this District.

28.     Venue in this District is also proper because Tsera is organized and governed by the laws of Texas and subject to taxation in Texas.

29.     Venue in this District is also proper because there is no clearly more convenient venue.

30.     Upon information and belief, Defendants are subject to this Court's specific and/or general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) a portion of the infringements alleged herein, including using, selling and offering to sell products that infringe the '584 patent; (ii) the presence of established distribution channels for Defendants' products in this forum; and (iii) regularly doing or soliciting business, engaging in

other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to individuals in Texas and in this District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,639,584**

31.     On October 28, 2003, the United States Patent and Trademark Office duly and

legally issued U.S. Patent No. 6,639,584 (the "'584 patent"), entitled "Methods and Apparatus

for Controlling a Portable Electronic Device Using a Touchpad."  A copy of the '584 patent is

attached hereto as Exhibit A, and is made part of this Complaint.

32.     Tsera is the owner of all right, title and interest in and to the '584 patent,

including all right to recover for any and all past infringement thereof.

33.     Apple has infringed and continues to infringe the '584 patent by its manufacture,

use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive

surfaces, including but not limited to its iPOD Classic and IPOD Nano products, and is

contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Apple is thus liable for its infringement of the '584 patent pursuant to 35

U.S.C. § 271.

34.     Auditek has infringed and continues to infringe the '584 patent by its

manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having

touch-sensitive surfaces, including but not limited to its Pixxo PV-C382 digital MP4 player, and

is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Auditek is thus liable for its infringement of the '584 patent pursuant to 35

U.S.C. § 271.

35.     Bang & Olufsen has infringed and continues to infringe the '584 patent by its

manufacture, use, sale, importation, and/or offer for sale of its portable electronic devices having

touch-sensitive surfaces, including but not limited to its BeoSound 3 portable music player, and

is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Bang & Olufsen is thus liable for its infringement of the '584 patent

pursuant to 35 U.S.C. § 271.

36.     Centon has infringed and continues to infringe the '584 patent by its manufacture,

use, sale, importation, and/or offer for sale of its portable electronic devices having touch-

sensitive surfaces, including but not limited to its moVox 4GBMP4-008 MP4 player, and is

contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Centon is thus liable for its infringement of the '584 patent pursuant to 35

U.S.C. § 271.

37.     Creative has infringed and continues to infringe the '584 patent by its

manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having

touch-sensitive surfaces, including but not limited to its Zen Vision:M player, and is contributing

to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing

products.  Creative is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. §

271.

38.     Coby has infringed and continues to infringe the '584 patent by its manufacture,

use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive

surfaces, including but not limited to its MP-705 MP3 and video player, and is contributing to

and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing

products.  Coby is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

39.     Cowon has infringed and continues to infringe the '584 patent by its manufacture,

use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive

surfaces, including but not limited to its iAUDIO 7 multimedia player, and is contributing to and

inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Cowon is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

40.     Dane has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Meizu Miniplayer, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products. Dane is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

41.     Data Station has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its i.Beat p!nk MP3 players, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Data Station is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

42.     Ematic has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its EM200VID MP3 video player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Ematic is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

43.     iceTECH has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its KEO MP-407A PMP media player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  iceTECH is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

44.     IMA has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Jensen SMPV-4GBTA digital media player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  IMA is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

45.     Impecca has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its MP-2410 MP4 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Impecca is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

46.     iRiver has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its H10 MP3 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  iRiver is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

47.     Lasonic has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its VP-581T MP3 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Lasonic is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

48.   LG has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Chocolate VX8500 cellular phone/MP3 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  LG is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

49.   Mach Speed has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Zodiac media player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Mach Speed is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

50.   Meizu has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Meizu Miniplayer, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Meizu is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

51.   Microsoft has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of its portable electronic devices having touch-sensitive surfaces, including but not limited to its Zune digital media player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  Microsoft is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

52.     Philips has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of its portable electronic devices having touch-sensitive surfaces, including but not limited to its GoGear HDD1630 MP3 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Philips is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

53.     Samsung has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its YP-P2 and YP-Q2 MP3 players, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Samsung is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

54.     Spectra has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its Jensen SMPV-4GBTA digital media player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale infringing products.  Spectra is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

55.     TrekStor has infringed and continues to infringe the '584 patent by its manufacture, use, sale, importation, and/or offer for sale of portable electronic devices having touch-sensitive surfaces, including but not limited to its i.Beat p!nk MP3 player, and is contributing to and inducement of others to manufacture, use, sell, import, and/or offer for sale

infringing products.  TrekStor is thus liable for its infringement of the '584 patent pursuant to 35 U.S.C. § 271.

56.     Defendants' acts of infringement have caused damage to Tsera, and Tsera is entitled to recover from Defendants the damages sustained by Tsera as a result of Defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Plaintiff's exclusive rights under the '584 patent will continue to damage Tsera, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## WILLFUL INFRINGEMENT

57.     Apple has had actual knowledge of the '584 patent since at least as early as September 30, 2004 when the '584 patent was cited as prior art during the prosecution of Apple's U.S. Patent Application No. 10/259,159.

58.     Apple's infringement of the '584 patent has been and continues to be willful, wanton, and deliberate, and carried out with full knowledge and awareness of the Plaintiff's patent rights and without license from Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Tsera respectfully requests that the Court enter judgment in its favor as follows:

(a)     that Defendants have directly infringed, contributorily infringed, and actively induced infringement of one or more claims of the '584 patent;

(b)     that Defendants, and their respective officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assignees, and customers, and all others acting in concert of participation with them, be enjoined, as provided by 35 U.S.C. § 283, from further acts of

infringement, inducing infringement, and/or contributing to the

infringement of the '584 patent;

(c)     that Defendants be ordered to compensate Tsera for its infringement of the

'584 patent, and, with respect to Defendant Apple, to pay enhanced

damages, up to treble damages, as provided by 35 U.S.C. § 284 for the

deliberate and willful nature of its infringement, together with interest

thereon in the form of both pre-judgment and post-judgment interest;

(d)     that Defendants be ordered to pay a compulsory future royalty with

respect to the '584 patent;

(e)     that this case is exceptional within the meaning of 35 U.S.C. § 285;

(f)     that Defendants be ordered to pay Tsera's costs and expenses and its

reasonable attorneys' fees under 35 U.S.C. § 285; and

(g)     that Tsera be granted such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Tsera respectfully demands a trial by jury on all issues triable to a jury.

DATED:  July 29, 2009                          Respectfully submitted,

By: <u>James S. Blank (by Wesley Hill)</u>
James S. Blank
(jblank@kayescholer.com)
Patricia A. Carson
(pcarson@kayescholer.com)
Leora Ben-Ami
(lbenami@kayescholer.com)
Oliver C. Bennett
(obennett@kayescholer.com)
Tzung-Lin Fu
(tfu@kayescholer.com)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
Telephone:  (212) 836-8000
Facsimile:  (212)  836-8689

Of Counsel:

Otis W. Carroll
State Bar No. 03895700
(otiscarroll@icklaw.com)
Wesley Hill
State Bar No. 24032294
(wesleyhill@icklaw.com)
IRELAND CARROLL & KELLEY, P.C.
6101 South Broadway
Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

Attorneys For Tsera, LLC